Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

\*RESENDING ON 12/22/2023 TO INCLUDE CHECK, EEOC FILING AND EEOC DECISION RIGHT TO SUE NOTIFICATION!!!

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| Rhonda Chase<br>a/k/a Callie B. (On EEOC/OFO Decision)<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br><br>Thomas J. Vilsack, Secretary,<br>Department of Agriculture<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case: 1:23-cv-03842 JURY DEMAND<br>Assigned To : Chutkan, Tanya S.<br>Assign. Date : 12/26/2023<br>Description: Employ. Discrim. (H-DECK)<br><br>Jury Trial: *(check one)* ☑ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

    A. **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Rhonda Chase |
| Street Address | 10604 Wickerwood Ct. |
| City and County | Waldorf/Charles County |
| State and Zip Code | MD 20603 |
| Telephone Number | 240-682-1136 |
| E-mail Address | cchasetrio@aol.com |

    B. **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Kirk Perry |
| Job or Title *(if known)* | Director, EAD/CCRE/OASCR/USDA |
| Street Address | 1400 Independence Ave, SW |
| City and County | Washington |
| State and Zip Code | DC 20250 |
| Telephone Number | (202) 690-0226 |
| E-mail Address *(if known)* | Kirk.Perry@usda.gov |

Defendant No. 2

| | |
|---|---|
| Name | David L. King |
| Job or Title *(if known)* | Executive Director, CCRE/OASCR/USDA |
| Street Address | 1400 Independence Ave, SW |
| City and County | Washington |
| State and Zip Code | DC 20250 |
| Telephone Number | (202) 720-8106 |
| E-mail Address *(if known)* | David.King@usda.gov |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | U.S. Department of Agriculture |
| Street Address | 1400 Independence Ave, SW |
| City and County | Washington |
| State and Zip Code | DC 20250 |
| Telephone Number | (202) 690-0496 |

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [x] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
12/8/2020, 05/2020, 06/24/2021 & 07/13/2021

C. I believe that defendant(s) *(check one)*:
- [ ] is/are still committing these acts against me.
- [x] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [ ] race _____
- [x] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [ ] national origin _____
- [x] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*
  Reprisal

E. The facts of my case are as follows. Attach additional pages if needed.

The Agency discriminated against me on the bases of color (light skin), age (born in 1965), and reprisal for prior protected EEO activity when:

The Agency discriminated against me on the bases of color (light skin), age (born in 1965), and reprisal for prior protected EEO activity when:
1. On December 8, 2020, she became aware that she had not been selected for the GS-0260-14 Equal Employment Specialist Team Leader position advertised under vacancy announcement number OASCR-EAD-10891156-20-TT;
2. In May 2020, management denied her request to temporarily detail into the role of Acting Equal Employment Specialist Team Lead.
3. On June 24, 2021, management made discriminating remarks about her during a recorded OASCR All Hands meeting; and
4. On July 13, 2021, management forwarded her email questioning the status of her performance award to the same panel members included in her nonselection for vacancy announcement number OASCR-EAD-10891156-20-TT.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
12/8/2020, 05/2020, 06/24/2021; 07/13/2021 & 9/26/2023

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 09/26/2023

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Back pay from 5/2020 from the detail for Team Lead, GS-0260-14, that was filled by the Selectee. Then from the date of permanent selection (by the same Selectee) for Team Lead GS-0260-14, date of selection 12/2020 until I was selected as GS-0260-14 Branch Chief with USDA APHIS (Agency within USDA) on 8/2021.

Compensatory damages requested at maximum of $300,000. The reason for request of $300,000 is because this is the Office of the Assistant Secretary for Civil Rights (OASCR). OASCR governs every agency within USDA on how to process EEO Civil Rights and is processor of all EEO formal complaints for USDA. The RMOs are OASCR leaders and these RMO leaders should have known not to engage in unlawful discriminatory behavior and should be held to a higher standard. If they do not understand the concept of discriminatory behavior, how do they govern the third largest agency in the federal government.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/22/2023

Signature of Plaintiff: *Rhonda Chase*

Printed Name of Plaintiff: Rhonda Chase

### B. For Attorneys

Date of signing:

Signature of Attorney: N/A
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address:

# Complainant's EEOC Filing & Rebuttal

COMPLAINANT'S APPEAL TO AGENCY'S FINAL AGENCY DECISION

AGENCY COMPLAINT NO.: USDA-CCD-2021-00167

EEOC APPEAL NO.: UNDOCKETED

RHONDA CHASE,

COMPLAINAINT

v.

THOMAS VILSACK,

USDA SECRETARY,

AGENCY

On July 28, 2022, the Agency issued a Final Agency Decision (FAD). After reviewing the Final Agency Decision, the statement of facts in the FAD, and the Agency's response to the Appeal Brief (Appeal No. 2022003796 filed for FAD not being issued), I am appealing the Final Agency Decision. *The Agency issued the FAD on the 28th day after I filed an OFO Appeal No. 2022003796.*

After receiving the FAD, I am appealing the FAD due to the following events that are in dispute where the Agency stated erroneous and misleading information. Below is a list of some of the adjudicated errors:

**Dispute of Facts**
1. Kimberly Strickland, *Selectee*, Age was approximately 38 years of age when this complainant was initially filed informally on January 15, 2021.
2. The advertised position was a Merit Vacancy Announcement which does not require Human Resources (HR) Specialist to send HR scores when sending the Certificate of Best Qualified Applicants or Eligibles. The Certificate of Best Qualified Applicants or Eligible only lists the best qualified applicants for the Selecting Official, Kirk Perry, to select for an interview. I not only worked in the Employment Adjudication Division

(EAD) where the advertised position was located, but I have always received ***Outstanding Performance Ratings while working in EAD.***

3. Candace Glover Datcher, GS-15, is the Director of the Conflict Complaints Division, currently serving as Acting Chief of Staff for the Department of Administration. She is not in the position of "OASCR Chief of Staff" as stated. However, she did serve on Kirk Perry's Interview Panel for the position in question.

4. Candace Glover Datcher's detailed position as Acting Chief for the Department of Administration has nothing to do with Kirk Perry's decision making for the administering of EAD employees awards. Ms. Glover Datcher plays no role whatsoever in the awards process for OASCR (Office of the Assistant Secretary for Civil Rights).

5. The FAD was not requested prematurely because the 1st ROI that was received on August 12, 2021, had an Election Form which gave me the option to select a FAD. Therefore, the Election of a FAD was not prematurely requested. Also, the Accepted Amendment Letter was ironically received on the same date, August 12, 2021, by the Complainant.

6. The FAD was only issued, on July 28, 2022, after I filed my EEOC Appeal on July 1, 2022. If I had not filed my EEOC Appeal asking for sanctions, the Agency would have continued to ignore my request for a FAD which was requested on September 10, 2021, upon receipt of 1st ROI and again on January 25, 2022, upon receipt of certified mail only Supplemental ROI (to date the Agency and United States Postal Service still ignores my request for an electronic copy of my Supplemental ROI).

7. Belittling is so commonplace that the Agency has become numbed to the discriminatory practice just like they ignored my request for a FAD until I filed my EEOC Appeal on July 1, 2022. Again, it is the norm for the Agency to ignore complainants request for a FAD or not deliver them to complainants as history has shown.

8. Again, the Agency falsely stated that my HR rating on the certificate precluded me from moving forward in the selection process, when the HR internal scores are not supposed to be shared with the Selecting Official, only the HR's Best Qualified Applicants are forward by means of a Certificate of Best Qualified Applicants or Eligibles is shared with the Selecting Official for him to choose a list of interviewees. **See Exhibit K, DR-4030-335-002,** dated July 22, 2015. So, again this became discriminatory when my name, along with Tina Quarles, was left off of the original Certificate of Best Qualified

Applicants or Eligibles. However, unlike Tina Quarles, I was not granted an interview once our names were forwarded to the Selecting Official, Kirk Perry.
9. The Selecting Official stacked the Interview Panel with his close friends and associates so that the pre-selection would be guaranteed as the end result of Ms. Kimberly Strickland being selected without hesitation as demonstrated.
10. Interview Panel contains all OASCR friends and associates in management.
11. Ironically, the Investigator did not receive an Affidavit from Kimberly Strickland although one was requested.

*(There are more in-depth errors in the attached supporting documentation – Complainant's Appeal Brief).*

On August 1, 2022, the Agency submitted a brief in opposition to the Complainant's EEOC OFO Appeal filed on July 1, 2022. In response, the Complainant provides the below rebuttal brief.

**History of Case:**

| | |
|---|---|
| Filed Formal: | February 8, 2021 |
| Accepted: | March 1, 2021 |
| Amendment Filed: | July 13, 2021 |
| Amendment Accepted: | August 12, 2021 |
| Objection to not holding off investigation until amendment was accepted or denied (*to prevent fragmentation)*: | August 16, 2021 |
| 1st ROI issued w/o Amendment: | August 12, 2021 |
| 1st FAD request: | September 10, 2021 |
| 2nd Supplemental ROI with Amendment: | January 6, 2022 |
| 2nd FAD request: | January 25, 2022 |
| Filed OFO Appeal for Agency failure to process case: | July 1, 2022 |
| Sent email notification to Agency: | July 1, 2022 |
| OFO docketed in case: Appeal No. 2022003796 | Date: July 5, 2022 |
| Agency issued FAD: | July 28, 2022 (*via email*) |

**Relationship Conflict of Processing:**

**\*If you look at the following relationship and chain of command between Ms. Gist, RMO1 and RMO2 you will see that Winona Scott is either their first-line or second-line Supervisor and this means that all of these people are top management in the Assistant Secretary for Civil Rights. That means that these managers are in meetings together. This further shows the personal and working relationship that exist.**

1. Crystal Gist, Acting Director *(Candace Glover Datcher, Director of Conflict Complaints Division, currently detailed as Acting Chief of Staff for Departmental of Administration, GS-15)* - Conflict Complaints Division **\*\*Crystal Gist processed my and all conflict cases - 1st line Supervisor Winona Scott, Associate Assistant Secretary for Civil Rights**
2. RMO 1 David King Deputy Director, Center for Civil Rights Enforcement (CCRE) – 1st line Supervisor Winona Scott, Associate Assistant Secretary for Civil Rights
3. RMO 2 Kirk Perry, Director of Employment Adjudication Division – 1st line David King, Deputy Director & 2nd line Supervisor Winona Scott, Associate Assistant Secretary for Civil Rights
4. Complainant Rhonda Chase (\*at time of complaint) EEO Specialist in Employment Adjudication Division – 1st Kirk Perry, Director of Employment Adjudication Division – 2nd line David King, Deputy Director & 2nd line Supervisor Winona Scott, Associate Assistant Secretary for Civil Rights
5. **Notice**: Winona Scott, Associate Assistant Secretary for Civil Rights – 1st line is Monica Rainge, Deputy Assistant Secretary for Civil Rights  (\*there is no one in the Assistant Secretary for Civil Rights position)

The Complaint wants to stress the inconsistencies in the Agency's Rebuttal to Appeal Brief. First and foremost, Kimberly Strickland (Selectee) was not 40 years of age when she was selected for the GS-0260-14 Equal Employment Specialist Team Lead position. At the time of her selection and the filing of my complaint, Kimberly Strickland was 38 years of age. The Agency's Appeal Brief conveniently states erroneously that she was 40 years of age. Ms. Strickland's year of birth is 1982 when in fact mean that would have made her 38 years old on December 8, 2020.

Secondly, the record reflects that I filed my EEOC Appeal on July 1, 2022, after not receiving my FAD as requested on September 10, 2021, and again on January 25, 2022. It is the Complainant's belief that the Agency did not properly adjudicate the FAD in a rush to file the Agency's Appeal Brief before the EEOC/OFO deadline of July 31, 2022, after I filed my Appeal to EEOC OFO for FAD enforcement and sanction. Because they rushed to file their appeal, they have submitted erroneous information.

I am hoping that when the Commission reviews the Appeal, they will see the discriminatory actions and rule in my favor.

Respectfully,

RHONDA CHASE
Digitally signed by RHONDA CHASE
Date: 2022.08.26 22:13:38 -04'00'

Rhonda Chase
Complainant

COMPLAINANT'S REBUTTAL TO AGENCY'S FAD APPEAL RESPONSE

AGENCY COMPLAINT NO.: CCD-00167-2021

EEOC OFO APPEAL NO.: 2022003796

In response to the Agency's Final Agency Decision (FAD) Appeal Response, dated September 26, 2022, via FedSEP upload, I wish to provide the following Complainant Rebuttal Response, dated September 28, 2022. I wish to clarify several discrepancies and material facts.

The Agency consistently and intentionally misleads the Commission by stating the following:

1. Falsely stated that Kimberly Strickland's Age is Over 40 (Selectee) and intentionally avoided stating her Year of birth (YOB), which is 1982. <u>Therefore, Kimberly Strickland's Age was 38 at the time of selection.</u>

2. Misleading the Commission by stating that when the certificate was amended that Kirk Perry chose only to add interviews for candidates with a score of 98 or higher. When in fact, the Merit Vacancy Announcement does not require the Human Resources (HR) Specialist to send the internal HR scores when sending the Certificate of Best Qualified Applicants/Eligibles. This is clearly stated in the HR DR-4030-335-002, dated July 22, 2015. *See Exhibit 1_DR-4030-335-002, Page 16, Section J. Applicant Referral.* So, if internal scores were sent to the Selecting Official, this is against HR DR-4030-335-002, which states clearly:

    j. Applicant Referral.

    Certificates referring the applicants to be considered should list candidates in alphabetical order. Certificates expire 15 calendar days from issuance, but 15 calendar day extensions up to a total of 90 calendar days may be granted.

    *Competitive Applicants*: Applicants must be listed in alphabetical order without their scores unless the bargaining unit agreement covering the position indicates otherwise. VEOA candidates must be listed on the same certificate as merit promotion candidates. A separate certificate must be issued for each grade level and geographic location advertised.

    *Please see Exhibit 2_ OASCR and AFGE Local 3147 CBA. The CBA has never contained a section where HR Certificate of Best Qualified Applicants/Eligibles scores were required.*

3. The Agency stated the following in the FAD Appeal Response:

    "When the certificate was amended Perry chose to only add interviews for those who

scored a 98 or higher. ROI Affidavit B at 492-493. Appellant did not appear on the original certificate; therefore, when the interview invitations were sent out, Appellant was not included. ROI at 187. Appellant's score on the amended certificate was only a 96. ROI at 755. No applicant receiving the same score or a lower score than Appellant was interviewed. ROI at 492."

**Again, this a false statement because according to the Certificate of Eligibles,** *see Exhibit 3_Equal Employment Specialist (Leader) Certificate of Eligibles,* <u>**Darvin Glenn Bennett (Selected from Certificate of Eligibles for Interview) with an HR score of 97 according to Exhibit 3.**</u>

4. The Agency stated the following in the FAD Appeal Response:

"Appellant asserts discrimination because Tina Quarles was offered an interview –which she declined--when Quarles was added to the certificate."

**Again, another false statement because Tina Quarles was interviewed for a combined interview for the Employee Investigations Division and the Employee Adjudication Division which were all being interviewed at the same time by the same Interview Panel. Tina Quarles completed the interview after being left off of the Original Certificate of Eligibles, just like I was, but added to the Certificate of Eligibles later. However, Tina Quarles, (Darker Skin) was granted an interview with an HR score of 98. During the interview, Tina Quarles voluntarily removed herself from consideration for the Employee Adjudication Division.**

Due to the misinformation, once again my case is not being adjudicated properly by the Agency.

RHONDA CHASE
Digitally signed by RHONDA CHASE
Date: 2022.09.28 12:50:46 -04'00'

**September 28, 2022**

Rhonda Chase					Date

Attached:

1. Exhibit 1 – Human Resources DR-4030-335-002
2. Exhibit 2 – OASCR and AFGE Local 3147 CBA
3. Exhibit 3 – Equal Employment Specialist (Leader) Certificate of Eligibles