UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RHONDA CHASE,
also known as Callie B.,

        Plaintiff,

   v.

KIRK PERRY, Director, U.S. Department of
Agriculture, Center for Civil Rights
Enforcement, Employment Adjudication
Division, et al.,

        Defendants.

Civil Action No. 23-3842 (TSC)

## <u>DEFENDANTS' MOTION TO DISMISS</u>

Defendants Kirk Perry, in his official capacity as Director of the U.S. Department of Agriculture's Employment Adjudication Division, a subdivision within the Center for Civil Rights Enforcement, and David L. King, in his official capacity as Executive Director of the Center for Civil Rights Enforcement, respectfully move to dismiss the Complaint filed by *pro se* plaintiff Rhonda Chase. Dismissal is warranted under Federal Rule of Civil Procedure ("Rule") 12(b)(5) for insufficient service of process and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In support of this motion Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities.  A proposed order consistent with this Motion is also enclosed.

\*     \*     \*

Dated: May 14, 2024
        Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/ Kimberly A. Stratton_____
     KIMBERLY A. STRATTON
     P.A. Bar #327725
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 417-4216
     kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RHONDA CHASE, <br> also known as Callie B., <br><br>        Plaintiff, <br><br>    v. <br><br> KIRK PERRY, Director, U.S. Department of Agriculture, Center for Civil Rights Enforcement, Employment Adjudication Division, et al., <br><br>        Defendants. | Civil Action No. 23-3842 (TSC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**<u>DEFENDANTS' MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..........................................................**Error! Bookmark not defined.**

SUMMARY OF ALLEGATIONS .............................................................................. 1

LEGAL STANDARDS ........................................................................................... 4

    I.     Dismissal Pursuant to Rule 12(b)(5).................................................. 4

    II.    Dismissal Pursuant to Rule 12(b)(6)................................................. 4

ARGUMENT

    I.     The Complaint Should Be Dismissed Under Rule 12(b)(5) for Failure to Properly Serve Defendants. ................................................................... 6

    II.    The Secretary of the Department of Agriculture Is the Only Proper Defendant .... 7

    III.   Plaintiff Failed to Administratively Exhaust Her Discrimination Claims Based On Her May 2020 Request For Temporary Detail. ...................................... 8

    IV.   The Complaint Fails to Sufficiently State Plausible Discrimination Claims........ 10

          A.    Claims 3 and 4 ................................................................... 10

          B.    Non-selection ..................................................................... 14

    V.    Plaintiff Fails to Sufficiently State a Title VII Retaliation Claim. ...................... 16

CONCLUSION.................................................................................................... 18

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Achagzai v. Broad. Bd. of Governors,*
  170 F. Supp. 3d 164 (D.D.C. 2016) ........................................................................ 8, 9

*Amariglio v. Nat'l R.R. Passenger Corp.,*
  941 F. Supp. 173 (D.D.C. 1996) ................................................................................. 8

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................. 4, 15

*Babb v. Wilkie,*
  589 U.S. 399 (2020) .................................................................................... 10, 12, 13

*Bain v. Off. of Att'y Gen.,* Civ. A.,
  No. 21-1751 (RDM), 2022 WL 17904236 (D.D.C. Dec. 23, 2022) ........................ 13

*Baloch v. Kempthorne,*
  550 F.3d 1191 (D.C. Cir. 2008) .............................................................................. 10

*Barry v. U.S. Capitol Guide Bd.,*
  636 F. Supp. 2d 95 (D.D.C. 2009) ........................................................................... 16

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................................. 4

*Burlington N. & Santa Fe Ry. v. White,*
  548 U.S. 53 (2006) .................................................................................................. 17

*Butler v. Cal. St. Disbursement Unit,*
  990 F. Supp. 2d 8 (D.D.C. 2013) ........................................................................... 5, 6

*Candido v. District of Columbia,*
  242 F.R.D. 151 (D.D.C. 2007) .................................................................................. 4

*Carter v. Marshall,*
  457 F. Supp. 38 ........................................................................................................ 8

*Chambers v. District of Columbia,*
  35 F.4th 870 (D.C. Cir. 2022) ................................................................................. 11

*Clark Cty. Sch. Dist. v. Breeden,*
  532 U.S. 268 (2001) ................................................................................................ 17

*Czekalski v. Peters,*
  475 F.3d 360 (D.C. Cir. 2007) ................................................................................ 13

*Daniels v. G & M Towing,*
  Civ. A. No. 05-2647, 2006 WL 5849626 (N.D. Ohio Mar. 31, 2006) ....................... 6

*Easaw v. Newport,*
  253 F. Supp. 3d 22 (D.D.C. 2017) ........................................................................... 15

*EEOC v. St. Francis Xavier Parochial Sch.,*
  117 F.3d 621 (D.C. Cir. 1997) .................................................................................. 5

*Garza v. Blinken,* Civ. A.,
  No. 21-2770 (APM), 2023 WL 2239352 (D.D.C. Feb. 27, 2023) ............................ 13

*Gomez–Perez v. Potter,*
  553 U.S. 474 (2008) ............................................................................................ 7, 12

*Grant v. Entm't Cruises Inc.*,
    282 F. Supp. 3d 114 (D.D.C. 2017) ........................................................................ 1, 2, 3

*Haines v. Kerner*,
    404 U.S. 519 (1972) ........................................................................................................ 5

*Hilska v. Jones*,
    217 F.R.D. 16 (D.D.C. 2003) .......................................................................................... 4

*Horsey v. U.S. Dep't of State*,
    170 F. Supp. 3d 256 (D.D.C. 2016) ................................................................................ 8

*Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Library of Cong., Inc. v.*
    *Billington*,
    737 F.3d 767 (D.C. Cir. 2013) ...................................................................................... 16

*Jeffries v. Barr*,
    965 F.3d 843 (D.C. Cir. 2020) ...................................................................................... 16

*Johnson-Richardson v. Univ. of Phoenix*,
    334 F.R.D. 349 (D.D.C. 2020) ........................................................................................ 7

*Joorabi v. Pompeo*,
    464 F. Supp. 3d 93 (D.D.C. 2020) .............................................................................. 4, 5

*Judd v. FCC*,
    276 F.R.D. 1 (D.D.C. 2011) ............................................................................................ 6

*Krodel v. Young*,
    1981 WL 27024 (D.D.C. July 9, 1981) .......................................................................... 7

*Light v. Wolf*,
    816 F.2d 746 (D.C. Cir. 1987) ........................................................................................ 4

*Lipton v. MCI Worldcom, Inc.*,
    135 F. Supp. 2d 182 (D.D.C. 2001) ................................................................................ 5

*Massaquoi v. District of Columbia*,
    81 F. Supp. 3d 44 (D.D.C. 2015) .................................................................................. 15

*Massey v. D.C.*,
    No. 15-7041, 2015 WL 9310126 (D.C. Cir. Dec. 9, 2015) .......................................... 15

*McDonnel Douglas Corp. v. Green*,
    411 U.S. 792 (1973) ...................................................................................................... 14

*Muldrow v. City of St. Louis*,
    144 S. Ct. 967 (Apr. 17, 2024) ................................................................................ 10, 11

*Nat'l R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002) ........................................................................................................ 9

*Nurriddin v. Bolden*,
    674 F. Supp. 2d 64 (D.D.C. 2009) .................................................................................. 7

*Papsan v. Allain*,
    478 U.S. 265 (1986) ........................................................................................................ 5

*Rahimian v. Blinken*, Civ. A.,
    No. 22-0785, 2023 U.S. Dist. LEXIS 4406 (D.D.C. Jan. 10, 2023) .............................. 5

*Scott v. Dist. Hosp. Partners, L.P.*,
    60 F. Supp. 3d 156 (D.D.C. 2014) .................................................................................. 5

*Singletary v. District of Columbia*,
    351 F.3d 519 (D.C. Cir. 2003) ...................................................................................... 16

*Smith Thompson v. District of Columbia*,
    657 F. Supp. 2d 123 (D.D.C. 2009) ................................................................ 4
*Staggs v. Smith & Wesson*, Civ. A.,
    No. 21-2535 (JEB), 2022 WL 444110 (D.D.C. Feb. 14, 2022) ...................... 6
*Sullivan-Obst v. Powell*,
    300 F. Supp. 2d 85 (D.D.C. 2004) .............................................................. 16
*Teneyck v. Omni Shoreham Hotel*,
    365 F.3d 1139 (D.C. Cir. 2004) .................................................................. 14
*Terveer v. Billington*,
    34 F. Supp. 3d 100 (D.D.C. 2014) ............................................................... 9
*Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Sol., Inc.*,
    550 F. Supp. 2d 23 (D.D.C. 2008) ............................................................... 4
*Walker v. Johnson*,
    501 F. Supp. 2d 156 (D.D.C. 2007) ........................................................... 17
*Webster v. Spencer*,
    318 F. Supp. 3d 313 (D.D.C. 2018) ............................................................. 8
*Wilson v. U.S. Dep't of Transp.*,
    759 F. Supp. 2d 55 (D.D.C. 2011) ........................................................... 7, 8

**Statutes**

5 U.S.C. § 2302(a)(2)(A) ..................................................................................... 13
29 U.S.C. § 633a .................................................................................................... 7
29 U.S.C. § 633a(a) .............................................................................................. 10
29 U.S.C. § 633a(d) ............................................................................................... 9
29 U.S.C. §§ 621 to 634 ........................................................................................ 1
42 U.S.C. § 2000e .................................................................................................. 1
42 U.S.C. § 2000e-2(a)(1) ............................................................................. 10, 11
42 U.S.C. § 2000e-16(a) ................................................................................ 10, 12
42 U.S.C. § 2000e-16(c) ........................................................................................ 8
U.S.C. § 2000e–16c ............................................................................................... 7

**Rules**

Fed. R. Civ. P. 4(c)(2) ............................................................................................ 6
Fed. R. Civ. P. 4(i)(1) ............................................................................................ 6
Fed. R. Civ. P. 4(i)(2) ............................................................................................ 6
Fed. R. Civ. P. 8(a) ................................................................................................ 6

Regulations

29 C.F.R. § 1614.105 .......................................................................................... 8, 9
29 C.F.R. § 1614.106(b) ......................................................................................... 9

Plaintiff, Rhonda Chase, an employee of the United States Department of Agriculture (the "Department")[1] alleges retaliation and color discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified, 29 U.S.C. §§ 621 to 634. ECF No. 1 ("Compl.") at 3-4. According to Plaintiff, the Department retaliated against her because of her prior EEO complaints from 2015 and 2016, and discriminated against her based on her color and age when Plaintiff was not selected for an Equal Employment Specialist Team Leader position, denied a request for a temporary detail, when management allegedly made discriminatory remarks about Plaintiff during a meeting, and when management forwarded an email from Plaintiff questioning the status of her performance award to persons who allegedly served as panel members for the Equal Employment Specialist Team Leader position. *See* Compl. at 5.

Plaintiff, however, has failed to properly serve Defendants in this matter, neither of whom are properly named Defendants to begin with.  Moreover, Plaintiff failed to administratively exhaust her claims based on her request for a detail.  For the remaining claims, Plaintiff pleads no facts supporting a plausible inference that the Department's actions were based on Plaintiff's protected characteristics or in retaliation for Plaintiff's prior EEO complaints. For these reasons, this Court should dismiss her Complaint pursuant to Federal Rules of Civil Procedure ("Rules")12(b)(5) and (6).

---

[1] The Complaint improperly list individual employees as defendants however the employees should be replaced with the Secretary of the Department since only the Secretary, as the head of the agency, is an appropriate Defendant in a Title VII or ADEA matter. *See* Section Two *infra*.

## SUMMARY OF ALLEGATIONS[2]

At the time of the complaint, plaintiff, Rhonda Chase, was a GS-0260-13 Equal Employment Specialist in the Employment Adjudication Division within the United States Department of Agriculture's Office of the Assistant Secretary of Civil Rights Center for Civil Rights. ECF No. 1-5 ("Compl. Ex. 5") at 1. Plaintiff's first line supervisor was Kirk Perry, Director of the Employment Adjudication Division. Compl. at 11. Plaintiff's second line supervisor was David King, Deputy Director of the Center for Civil Rights Enforcement. *Id.*

Plaintiff was born in 1965 and has identified her color as light skin. Compl. Ex. 5 at 2. Plaintiff alleges she engaged in EEO activity during her employment with the Department in 2015 and 2016 against an unknown supervisor —who is not named as a responsible management official in the instant complaint. *Id.* Plaintiff's first line supervisor, Director Perry, was not involved in Plaintiff's prior activity; however, he was aware the Plaintiff had issues with her prior supervisor because she consulted Director Perry during the time that she was having issues with her prior supervisor. *Id.*

On December 8, 2020, Plaintiff became aware that she was not selected for a vacancy announcement for a GS-0260-14 Equal Employment Specialist Team Lead position. Compl. at 5. A certificate of eligible applicants for the vacancy announcement showing each applicant's score was forwarded to the selecting official. ECF No. 1-4 ("Compl. Ex 4") at 2. Plaintiff alleges the Department's policies do not require listing an applicant's score on the certificate of eligible applicants. Compl. at 13. Plaintiff alleges the selectee who filled the vacant Equal Employment Specialist Team Lead position was approximately 38 years old when selected for the position.

---

[2]      As the law requires for purposes of this motion, Defendants assume, without conceding, the truth of Plaintiff's well-pled factual allegations in the Complaint. *See, e.g.*, *Grant v. Ent. Cruises Inc.*, 282 F. Supp. 3d 114, 116 (D.D.C. 2017).

Compl. at 8. Plaintiff does not allege the selectee was a different color than the Plaintiff. *See generally* Compl. Plaintiff alleges the selecting official, Plaintiff's first line supervisor, Director Perry, "stacked the Interview Panel with his close friends and associates so that pre-selection would be guaranteed[.]" *Id*. at 10.

Plaintiff also alleges that during a June 24, 2021, virtual meeting, while introducing Plaintiff to the attendees, Director Perry stated that Plaintiff "probably wanted to curse him out sometimes." Compl. Ex. 5 at 2. Plaintiff further alleges that on July 13, 2021, she emailed Director Perry an inquiry about an award and that same day Director Perry forwarded Plaintiff's email to the Division Director and the Acting Chief of Staff. *Id*.

Plaintiff filed the instant complaint on December 26, 2023, alleging:

The [Department] discriminated against [her] on the bases of color (light skin) and age (born in 1965), and reprisal for prior protected EEO activity when:

1. On December 8, 2020, [Plaintiff] became aware that she had not been selected for the GS-0260-14 Equal Employment Specialist Team Leader position advertised under vacancy announcement number OASCR-EAD-10891156-20-TT;

2. In May 2020, management denied her request to temporarily detail into the role of Acting Equal Employment Specialist Team Lead.

3. On June 24, 2021, management made discriminating remarks about [Plaintiff] during a recorded OASCR All Hands meeting; and

4. On July 13, 2021, management forwarded [Plaintiff's] email questioning the status of her performance award to the same panel members included in her nonselection for vacancy announcement number OASCR-EAD-10891156-20-TT.

Compl. at 5. Plaintiff attached five documents to the instant Complaint: (1) Complainant's EEOC Filing & Rebuttal; (2) Exhibit 1 Human Resources DR-4030-335-002; (3) OASCR and AFGE Local 3147 CBA; (4) Exhibit 3 Equal Employment Specialist (Leader) Certificate of Eligibles; (5) EEOC Office of Federal Operations Appeal No. 2022003796 Decision.

**LEGAL STANDARDS**

## I.    Dismissal Pursuant to Rule 12(b)(5)

Rule 12(b)(5) governs motions to dismiss for insufficient service of process. The plaintiff bears the burden of proving that he has effected proper service. *See Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)). "To do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [which governs summonses] and any other applicable provision of law." *Light*, 816 F.2d at 751. "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007). Failure to effect proper service is thus a "fatal" jurisdictional defect, and is grounds for dismissal. *See Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Sol., Inc.*, 550 F. Supp. 2d 23, 26 (D.D.C. 2008).

## II.    Dismissal Pursuant to Rule 12(b)(6)

Motions to dismiss under Rule 12(b)(6) test the sufficiency of a complaint.  *Smith Thompson v. District of Columbia*, 657 F. Supp. 2d 123, 129 (D.D.C. 2009).  "Rule 12(b)(6) requires courts to dismiss any case wherein the plaintiff has failed to state a legal claim upon which relief can be granted. "To survive a motion to dismiss for failure to state a claim, the complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Joorabi v. Pompeo*, 464 F. Supp. 3d 93, 98 (D.D.C. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When deciding a motion to dismiss under 12(b)(6), courts must construe the pleadings broadly and assume that the facts are as plaintiff alleges; however, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Joorabi*, 464 F. Supp. 3d at 98 (quoting *Iqbal*, 556 U.S. at 678). "Additionally, courts are not obligated to 'accept as true

a legal conclusion couched as a factual allegation.'" *Joorabi*, 464 F. Supp 3d at 99 (citing *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

On a motion to dismiss under Rule 12(b)(6), the Court may consider, in addition to the facts alleged in the complaint, documents attached to, or incorporated into the complaint by reference, as well as matters of which it may take judicial notice. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997); *see also Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d 182, 186 (D.D.C. 2001) ("[T]he court may consider the defendant's supplementary material without converting the motion to dismiss into one for summary judgment. This Court has held that 'where a document is referred to in the complaint and is central to plaintiff's claims, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citation omitted); *see also Rahimian v. Blinken*, Civ. A. No. 22-0785, 2023 U.S. Dist. LEXIS 4406, at *11 (D.D.C. Jan. 10, 2023) (courts may consider any documents either attached to or incorporated in the complaint and matters of which courts may take judicial notice); *see also Scott v. Dist. Hosp. Partners, L.P.*, 60 F. Supp. 3d 156, 161 (D.D.C. 2014) (determining EEOC charges and their accompanying documents were incorporated in the complaint by reference).

"[C]omplaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers." *Butler v. Cal. St. Disbursement Unit*, 990 F. Supp. 2d 8, 8–9 (D.D.C. 2013) (Brown Jackson, J.) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). "Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure." *Id.* at 8–9. "Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for

the relief the pleader seeks." *Id.* at 9 (citing Fed. R. Civ. P. 8(a)). "The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense . . . [.]" *Id.*

**ARGUMENT**

**I.      The Complaint Should Be Dismissed Under Rule 12(b)(5) for Failure to Properly <u>Serve Defendants.</u>**

"To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).  In turn, to serve the United States a party must serve (1) the U.S. Attorney's Office for the relevant District; and (2) send a copy of a summons and complaint to the Attorney General by registered or certified mail.  Fed. R. Civ. P. 4(i)(1).

Rule 4(c)(2), the general provision governing who may serve the summons and complaint, provides, in pertinent part, that service may be effected by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). Read together, then, Rules 4(i)(1) and 4(c)(2) direct that service upon the United States be made (1) by a person over the age 18 or older (2) who is not a party (3) either through in-person delivery or sending by certified mail a copy of the summons and complaint to both the Attorney General and the United States Attorney for the judicial district where the action is brought. *See, e.g., Daniels v. G & M Towing*, Civ. A. No. 05-2647, 2006 WL 5849626, at *1 (N.D. Ohio Mar. 31, 2006) (holding that requirement in Rule 4(c)(2) that service be effected by a non-party applies to service on the United States made pursuant to Rule 4(i)(1)). Thus, "Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant— including the United States—by mail." *Judd v. FCC*, 276 F.R.D. 1, 5–7 (D.D.C. 2011); *see also Staggs v. Smith & Wesson*, Civ. A. No. 21-2535 (JEB), 2022 WL 444110, at *4 (D.D.C. Feb. 14,

2022) ("[p]laintiff has failed to effect proper service under [Rule] 4(c)(2), as [plaintiff] personally mailed the summons") (citing *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 353 (D.D.C. 2020) ("Under [Rule] 4(c)(2), a party to the action is not qualified to effect service. That rule applies even when a plaintiff personally attempts to serve a defendant by mail.")).

Here, Plaintiff failed to properly effect service on Defendants because she personally attempted to serve them by mail. *See* Exhibit 1 (USPS mail sent to the Civil Process Clerk at the U.S. Attorney's Office, which identifies the return address as Plaintiff's address); *see also* Return of Service/Affidavit of Summons and Complaint Executed, ECF No. 6 (showing Plaintiff's receipts and certified mail tracking from the U.S. Postal Service in Waldorf, Maryland). As stated above, this is not permitted under Rule 4, and the Complaint should be dismissed under Rule 12(b)(5).

## II.   <u>The Secretary of the Department of Agriculture Is the Only Proper Defendant</u>

Because Title VII does not impose individual liability, "the only proper defendant in suits brought under these statutes is the head of the department or agency being sued." *Wilson v. Dep't of Transp.*, 759 F. Supp. 2d 55, 67 (D.D.C. 2011) (citing 42 U.S.C. § 2000e–16c (Title VII), and *Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 81 (D.D.C. 2009)). The ADEA does not provide a similar provision declaring who constitutes the appropriate defendant in age discrimination suits brought by federal employees against their federal employers. *See* 29 U.S.C. § 633a. However, "[t]he ADEA federal-sector provision was patterned directly after Title VII's federal-sector discrimination ban." *Gomez–Perez v. Potter*, 553 U.S. 474, 487 (2008) (internal quotation and citation omitted). And courts in this district have determined the proper defendant in a federal employee's ADEA claim is the head of the federal agency that employed the plaintiff. *See Krodel v. Young*, 1981 WL 27024 (D.D.C. July 9, 1981), *aff'd*, 748 F.2d 701 (D.C. Cir. 1984) (citing *Carter v. Marshall*, 457 F. Supp. 38, 41(D.D.C. 1978)); *Amariglio v. Nat'l R.R. Passenger Corp.*,

941 F. Supp. 173, 178 (D.D.C. 1996); *Wilson*, 759 F. Supp. 2d at 67; *Webster v. Spencer*, 318 F. Supp. 3d 313, 319 (D.D.C. 2018), *aff'd*, No. 20-5187, 2020 WL 10056382 (D.C. Cir. Nov. 20, 2020).

This court should dismiss the claims against the improperly named defendants, Director Kirk Perry and Executive Director David L. King, and instead substitute as Defendant Secretary of Agriculture Thomas Vilsack.

### III.    Plaintiff Failed to Administratively Exhaust Her Discrimination Claims Based On Her May 2020 Request For Temporary Detail.

Both the ADEA and Title VII require a plaintiff to exhaust the administrative remedies available to her before proceeding with a civil action for employment discrimination. 42 U.S.C. § 2000e-16(c) (Title VII); 29 U.S.C. § 633a(b)-(c)(ADEA). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is the appropriate mechanism to challenge an alleged failure to exhaust administrative remedies. *Horsey v. Dep't of State*, 170 F. Supp. 3d 256, 265 (D.D.C. 2016) (internal citation and quotations omitted). Plaintiff could have exhausted the administrative remedies available to her by (1) electing to follow the administrative procedures pursuant to Title VII, or (2) for the ADEA, bringing her claim directly to federal court within 180 days of the alleged discriminatory act after providing the Equal Employment Opportunity Commission with notice of her intent to sue at least 30 days before filing suit. *See Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 171-72 (D.D.C. 2016). Here, Plaintiff did neither.

To exhaust administrative remedies under Title VII a plaintiff must consult an EEO Counselor prior to filing a complaint to try to informally resolve the matter. *See* 29 C.F.R. § 1614.105 (a)(1). She must do so within 45 days of the date of the alleged discriminatory matter. *Id*. If the matter is not resolved through informal counseling, the complainant must file a formal administrative complaint within fifteen days of receipt of notice from the EEO Counselor of the

right to file a complaint. 29 C.F.R. § 1614.105 (d); 29 C.F.R. § 1614.106(b). Moreover, each discrete claim of discrimination must be separately exhausted. *Terveer v. Billington*, 34 F. Supp. 3d 100, 112 (D.D.C. 2014); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Plaintiff failed to exhaust Title VII administrative remedies available to her regarding her claim that in May 2020 management denied her request to temporarily detail into the role of Acting Equal Employment Specialist Team Lead. Plaintiff initiated contact with an EEO counselor on January 15, 2021. Compl. Ex 5 at 3. Even if the event occurred on the last day of May 2020, that is still more than 220 days before Plaintiff's January 2021 contact with an EEO counselor—which was well past the requisite forty-five-day period for contacting an EEO counselor. Plaintiff filed a formal complaint on February 8, 2021. *Id*. The Department correctly dismissed the May 2020 claim for untimely EEO counselor contact. *Id*. This Court should also dismiss the May 2020 temporary detail claim for failure to exhaust Title VII administrative remedies because Plaintiff did not timely initiate EEO counseling on this claim.

This claim is also untimely under the ADEA. For a plaintiff seeking to bring an ADEA claim directly to federal court without filing a formal EEO Complaint, the Plaintiff must do so within 180 days of the allegedly discriminatory act, if the plaintiff provides the EEOC with notice of her intent to sue at least 30 days before filing suit. 29 U.S.C. § 633a(d); *see also Achagzai*, 170 F. Supp. 3d at 172 (internal citation and quotations omitted). The Complaint does not allege that Plaintiff provided the EEOC with thirty days' notice of her intent to sue in federal court. Furthermore, Plaintiff filed the instant action on December 26, 2023—more than three years after the alleged discriminatory act, and well past the 180-day period permitted by the ADEA.

Accordingly, Plaintiff's claims related to her May 2020 request for a detail must be dismissed.

**IV.** **The Complaint Fails to Sufficiently State Plausible Discrimination Claims.**

    **A.** **Claims 3 and 4**

"Under Title VII [and] the ADEA . . . , the two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, national origin, [or] age[.] *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008).

The federal sector provisions of Title VII provide that "[a]ll personnel actions affecting employees or applicants for employment . . . shall be made free from any discrimination[.]" 42 U.S.C. § 2000e-16(a). The Civil Service Reform Act defines "personnel actions" to include an appointment, promotion, disciplinary action, transfer or reassignment, reinstatement, decision concerning pay, benefits, or awards. 5 U.S.C. § 2302(a)(2)(A)(i)–(xi). This definition includes other, unenumerated "change[s] in duties, responsibilities, or working conditions" only if they are "significant." *Id.* The Supreme Court in *Babb v. Wilkie*, 589 U.S. 399, 405 (2020), agreed that the Civil Service Reform Act's definition of "personnel action" was "consistent with the term's meaning in general usage," and assumed it had the same meaning for purposes of the federal-sector provisions of the Age Discrimination in Employment Act ("ADEA"), which parallel those of Title VII. *Compare* 29 U.S.C. § 633a(a) (ADEA), *with* 42 U.S.C. § 2000e-16(a) (Title VII).

The Court in *Muldrow v. City of St. Louis*, 144 S. Ct. 967 (Apr. 17, 2024), recently clarified the standard applicable to private and state and local government employers for assessing the existence of an adverse action under Title VII. *Id.* at 974–76 (discussing 42 U.S.C. § 2000e-2(a)(1)). In *Muldrow*, the Supreme Court rejected a reading requiring an employee to demonstrate that an alleged transfer resulted in "significant" harm to be actionable under the non-

federal provisions of Title VII. *Id.* The Court reasoned that while an employee "must show *some harm* respecting an identifiable term or condition of employment" the employee need not show that harm caused "significant disadvantages[.]" *Id.* at 974 (emphasis added; "To make out a Title VII discrimination claim, a transferee must show some harm respecting an identifiable term or condition of employment. What the transferee does not have to show, according to the relevant text, is that the harm incurred was 'significant.'"). Notably, the Court's holding in *Muldrow* effectively displaces the decision rendered by the en banc D.C. Circuit in *Chambers v. District of Columbia*, 35 F.4th 870 (D.C. Cir. 2022). *See Muldrow*, 144 S. Ct. at 979–80 (Kavanaugh, J., concurring) (noting that the Court's standard of "some harm" differs from that described in *Chambers*).

Accordingly, were the federal sector provisions of Title VII coextensive with those applicable to non-federal employers, an employee attempting to bring a Title VII claim must identify an alleged event affecting their "compensation, terms, conditions, or privileges of employment" that caused "some harm." *Id.* But the provisions at issue here applicable to Defendant differ from those applicable to non-federal employers. The non-federal provision of Title VII (§ 2000e-2(a)(1)) considered by the Court in *Muldrow* uses different language from the provision of Title VII applicable to the federal government (§ 2000e-16(a)). Specifically, the non-federal provisions of Title VII outlaw discrimination "with respect to [an employee's] compensation, terms, conditions, or privileges of employment," 42 U.S.C. § 2000e-2(a)(1), whereas the federal provisions prohibit discrimination with respect to "personnel actions," 42 U.S.C. § 2000e-16(a). The Court should honor Congress's choice to create different standards for federal and non-federal employers and apply the text of Title VII as written.

The difference in wording is meaningful as the Supreme Court has ruled in considering similar text in the ADEA, which has different provisions for federal and non-federal employers. *Babb*, 589 U.S. at 410 ("as we previously recognized, the ADEA's private- and public-sector provisions are 'couched in very different terms'" (quoting *Gomez-Perez v. Potter*, 553 U.S. 474, 487 (2008)).  In *Gomez-Perez*, the Court considered the wording of the ADEA's federal sector provision, holding, "[t]he ADEA federal-sector provision was patterned 'directly after' Title VII's federal-sector discrimination ban."  553 U.S. at 487 (comparing text and collecting citations).  In so doing, the Court noted that while "Title VII's federal-sector provision incorporates certain private-sector provisions" it does not incorporate them all.  *Id.*

In *Babb*, 589 U.S. at 410, the Supreme Court further explained the differences in the wording of the federal and non-federal provisions of the ADEA, which again are almost identical to those found in Title VII.  *See id.*  The Court emphasized that equating the scope of the two provisions was misplaced when they used different words.  It noted, "Congress could have easily" used the same language in both provisions "[b]ut Congress did not choose this route. Instead, it 'deliberately prescribed a distinct statutory scheme applicable only to the federal sector,' and in doing so, it eschewed the language used in the private-sector provision[.]"  *Id.* at 412 (citations omitted).  In considering the distinct federal sector provisions of the ADEA, the Court observed that the ADEA's federal sector provisions, as those of Title VII, concern "personnel actions."  *Id.* at 405.  Specifically, it reasoned:

> Section 633a(a) concerns "personnel actions," and while the ADEA does not define this term, its meaning is easy to understand. The Civil Service Reform Act of 1978, which governs federal employment, broadly defines a "personnel action" to include most employment-related decisions, such as appointment, promotion, work assignment, compensation, and performance reviews. *See* 5 U.S.C. § 2302(a)(2)(A).  That interpretation is consistent with the term's meaning in general usage, and we assume that it has the same meaning under the ADEA.

*Id.*

Some judges in this District have declined to adopt this straightforward textual application of the Title VII and ADEA federal sector standards in the wake of *Chambers*, relying on pre-*Babb* precedents such as *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007), which construed Title VII's federal and non-federal provisions as coterminous. *See, e.g.*, *Bain v. Off. of Att'y Gen.*, Civ. A. No. 21-1751 (RDM), 2022 WL 17904236, at *21 (D.D.C. Dec. 23, 2022) (citing pre-*Babb* authorities); *Garza v. Blinken*, Civ. A. No. 21-2770 (APM), 2023 WL 2239352, at *5 (D.D.C. Feb. 27, 2023) (same). Respectfully, following this path runs contrary to the clear and necessary holding of *Babb* and the plain text of the federal anti-discrimination provisions. For example, in *Czekalski*, the D.C. Circuit in setting forth the standard for an adverse action noted that while the federal sector "language differs from that of the provision governing private employers, we have held that the two contain identical prohibitions." *Czekalski*, 475 F.3d at 363 (citation omitted; collecting cases). But in *Babb*, decided in 2020 more than a decade after the D.C. Circuit's decision in *Czekalski*, the Supreme Court rejected that theory and, instead, held that when anti-discrimination statutes use different language in their federal and non-federal provisions they should not be interpreted the same. *Babb*, 589 U.S. at 411 (the federal sector provision of the ADEA, which are nearly identical to Title VII, "is markedly different from the language" of its non-federal provision and warrants a different standard).

Accordingly, for an event to be actionable under the federal sector provisions of Title VII (and the ADEA) the identified event must either be an enumerated "personnel action" under the Civil Service Reform Act, 5 U.S.C. § 2302(a)(2)(A)(i)–(xi), or fall into that term's catch-all (i.e., "any other significant change in duties, responsibilities, or working conditions[,]" 5 U.S.C. § 2302(a)(2)(A)(xii)) and that the employee suffer "some harm" from the alleged event (i.e., that the event was "adverse"). Here the events alleged by Plaintiff do not satisfy this standard.

Under this framework, Plaintiff's claims based on the Director's statement about Plaintiff during a meeting and the Director forwarding an email from Plaintiff cannot be considered personnel actions. Plaintiff claims that management stated that Plaintiff "handled compliance "and probably want[ed] to curse him [the EAD Director] out sometimes."" Compl. Ex. 5 at 2. This statement is not an adverse employment action on its own, and Plaintiff fails to plead that the statement was connected to any adverse personnel action. The same is true for Plaintiff's claim that management forwarded her email to members of a job vacancy selection panel—seven months *after* Plaintiff became aware that she was not selected for the vacant position. Forwarding an email is not an adverse personnel action. Further, forwarding an email to a selection panel months past selection could not be connected to nor could it plausibly adversely affect Plaintiff's chances to be selected for the Team Lead position.  Accordingly, claims three and four must be dismissed.

### B.      Non-Selection

A plaintiff establishes a  *prima facie* case of non-hiring or non-promotion by showing (i) that [s]he belongs to a [protected class]; (ii) that [s]he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite h[er] qualifications, [s]he was rejected; and (iv) that after h[er] rejection, the position remained open and the employer continued to seek applicants from persons of [the plaintiff's] qualifications." *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1150 (D.C. Cir. 2004) (citing *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "Though the initial burden of pleading the because of element is not onerous, a plaintiff cannot survive a motion to dismiss merely by providing threadbare or conclusory allegations of discrimination; nor can a plaintiff state a claim merely [by] invok[ing] [her] race . . . [or age] . . ., in the course of a claim's narrative." *Keith v. Gov't Accountability Off.*, Civ. A. No. 21-2010 (RC), 2022 WL 3715776, at *3 (D.D.C. Aug. 29, 2022) (internal quotation marks omitted).

The only facts averred in the Complaint to support Plaintiff's non-selection claim are Plaintiff's statements that the selectee was thirty-eight years old at the time of her selection, and management was not required to send the applicants' scores when forwarding the certificate of best qualified applicants. *See* Compl. at 13. The Complaint does not even attempt to plead any facts to support a color discrimination claim. Likewise, the Complaint makes no attempt to show Plaintiff was qualified for the EEO Specialist Team Lead position. The Complaint is also silent about the selectee's qualifications for the position.

 Plaintiff fails to plead plausible facts that make an inference of discrimination in this case or otherwise link her non-selection as being motivated by age or color. Plaintiff's mere conclusory statements without more are not enough to survive a motion to dismiss. *See Massey v. District of Columbia*, No. 15-7041, 2015 WL 9310126 (D.C. Cir. Dec. 9, 2015) (deciding "[t]he district court also properly dismissed  for failure to state a claim appellant's claims of retaliation and discrimination based on age, sex, race, and disability, because her sparse, conclusory, and unsupported allegations were inadequate to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"") (quoting *Iqbal*, 556 U.S. at 678); *Massaquoi v. District of Columbia*, 81 F. Supp. 3d 44, 49 (D.D.C. 2015) (dismissing plaintiff's Title VII discrimination claims because, "[a]side from conclusory allegations, the plaintiff offers nothing more to suggest that the alleged adverse employment actions he endured while he was employed by the defendant were because of his [protected status].") *Easaw v. Newport*, 253 F. Supp. 3d 22 (D.D.C. 2017) ("conclusory allegation that defendants engaged in unlawful discrimination against Plaintiff based on race . . . [are] precisely the type of 'formulaic recitation of the elements of a cause of action' that is inadequate to survive a motion to dismiss.") (internal citation and quotations omitted).

Plaintiff in this case is no different from the plaintiffs in *Massey*, *Massaquoi*, and *Easaw* who fatally stated mere conclusions rather than specific facts to support a discrimination claim. Without more, Plaintiff's discrimination claims fail from the start and must be dismissed.

**V.      Plaintiff Fails to Sufficiently State a Title VII Retaliation Claim.**

Plaintiff's retaliation claim suffers from similar deficiencies as her discrimination claim. Neither the meeting comments nor forwarding an email constitute material adverse actions, even under the broad scope of adverse actions covered by Title VII's retaliation prohibition. Furthermore, Plaintiff pleads no facts to support a plausible inference that she was not selected for the EEO Specialist Team Leader position because Plaintiff filed EEO complaints in 2015 and 2016.

Title VII of the Civil Rights Act of 1964 prohibits federal agencies "from retaliating against employees for asserting their Title VII rights." *Jeffries v. Barr*, 965 F.3d 843, 860 (D.C. Cir. 2020). To state a *prima facie* case of retaliation, a plaintiff must show that (1) [s]he engaged in statutorily protected activity; (2) [she] suffered a materially adverse action by [her] employer, and (3) a causal link connects the two. *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Libr. of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013). In alleging a causal link, a plaintiff must state allegations beyond the employer's mere knowledge of protected activity. *Barry v. U.S. Capitol Guide Bd.*, 636 F. Supp. 2d 95, 106-07 (D.D.C. 2009). Because Plaintiff alleges retaliation in for the form of non-selection, she must show two additional facts to state a prima facie claim: (1) that she applied for an available job, and (2) that she was qualified for the position. *Sullivan-Obst v. Powell*, 300 F. Supp. 2d 85, 94 (D.D.C. 2004) (citing *Singletary v. District of Columbia*, 351 F.3d 519, 524 n.5 (D.C. Cir. 2003)).

First, Plaintiff's entire retaliation claim is fatally flawed because it is entirely based off Plaintiff's assertion that management was aware of Plaintiff's EEO activity from 2015 and 2016.

*See* Compl. Ex. 5 at 2. But awareness by itself is not enough. Further, a temporal proximity theory does not lend support to Plaintiff's claims. When the only evidence of retaliation is the temporal proximity between the protected activity and the adverse action, "the temporal proximity must be very close." *Walker v. Johnson*, 501 F. Supp. 2d 156, 174 (D.D.C. 2007) (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). The alleged adverse actions occurred in 2020 and 2021 — that is three to four years after Plaintiff's protected activity. Viewing the facts in the light most favorable to the Plaintiff, she cannot meet her burden to establish Title VII retaliation. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (noting that a three-or four-month period between an adverse action and protected activity is insufficient to show a causal connection, and that a 20-month period suggests "no causality at all.").

Second, management's comments while introducing Plaintiff during a meeting and forwarding an email from Plaintiff were not materially adverse. Although the scope of the Title VII anti-retaliation provision is broad, extending "beyond workplace-related or employment-related retaliatory acts or harms" it does not proscribe "all retaliation" but instead prohibits "retaliation that produces an injury or harm." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006). Further, a materially adverse action for retaliation purposes is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id*. at 68. Management's statements essentially saying that because Plaintiff worked in compliance she may want to fight him did not cause harm or injury to the Plaintiff, even if the statement was unpleasant. Likewise, forwarding Plaintiff's email inquiry about an employment award to members of a selection panel well after the selection process occurred did not cause harm or injury to the Plaintiff. Neither incident would dissuade a reasonable worker from making or supporting a charge of discrimination.

Finally, as demonstrated in the previous section, the Complaint makes no attempt to establish the Plaintiff was qualified for the Equal Employment Specialist Team Leader Position. Consequently, Plaintiff's retaliatory non-selection claim too must fail.

Accordingly, Plaintiff has failed to plausibly allege that she was subjected to a materially adverse employment action.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this case be dismissed in its entirety.

Dated: May 14, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____ */s/ Kimberly A. Stratton* _____
    KIMBERLY A. STRATTON
    P.A. Bar #327725
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 417-4216
    kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*